# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL KEITHLY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16 CV 1892 JMB |
| LINDSEY MOCADLO, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before this Court on Plaintiff Michael Keithly's ("Plaintiff") Motion to Remand this matter to state court. (ECF No. 12) Defendant Lindsey Mocadlo ("Defendant") opposes this motion, and the issues are fully briefed. The Court has jurisdiction over the matter pursuant to the consent of the parties under 28 U.S.C. § 636(c). For the following reasons, the Court will deny Plaintiff's Motion to Remand.

## I. Background

On September 21, 2016, Plaintiff filed a Petition in the Circuit Court of the Twenty-First Judicial Circuit, St. Louis County, Missouri alleging that on August 18, 2016, while driving east on Highway 40, Defendant struck Plaintiff's vehicle, injuring Plaintiff. In the Petition, Plaintiff alleges negligence by Defendant due to Defendant operating her vehicle at an excessive speed, failing to keep a careful lookout, failing to yield, and failing to slacken speed, stop, swerve, and sound a warning. (ECF No. 1-1, Petition at ¶ 6) Plaintiff claims permanent, progressive, and disabling injuries to various bones, joints, muscles, nerves, and systems of his body, damage to his automobile, damage to his personal property, storage and rental car fees, lost wages, and permanent impairment of his ability to work, labor, and enjoy life. (Id. at ¶ 7) Defendant denies

Plaintiff's allegations and offers four affirmative defenses, to the extent that any injuries exist. (ECF No. 1-4) First, Defendant alleges that Plaintiff failed to state a claim upon which relief can be granted. (Id.) Second, Defendant alleges that Plaintiff made his injuries worse by his own failure to mitigate. (Id.) Third, Defendant alleges that Plaintiff caused his own injuries by his own negligence. (Id.) Finally, Defendant alleges that the actions of others who are not a party to the lawsuit cause Plaintiff's injuries. (Id.)

## II. Defendant's Removal and Plaintiff's Motion to Remand

On December 5, 2016, Defendant removed the matter to federal court. (ECF No. 1) Defendant based removal on diversity jurisdiction, which requires complete diversity of citizenship among the litigants and an amount in controversy greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The parties agree that Plaintiff is a citizen of Missouri and Defendant is a citizen of Wisconsin. (ECF No. 12)

Having established diversity of citizenship, the parties dispute whether the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff asserts that he lacks sufficient information to determine whether or not the amount in controversy exceeds $75,000. (ECF No. 1-2) Defendant argues that based on the extent and severity of Plaintiff's alleged injuries, the amount in controversy is greater than $75,000. (ECF No. 1, Notice of Removal ¶¶ 4-7) Plaintiff responds that Defendant failed to prove the amount in controversy by a preponderance of the evidence, and that the Court should therefore remand his claim. (ECF No. 12)

## III. Discussion

Where a complaint alleges no specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional

requirements. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009); In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). In this circuit, the amount in controversy equals "the value to the plaintiff of the right sought to be enforced." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 821 (8th Cir. 2011) (quoting Advance Am. Servicing of Ark. V. McGinnis, 526 F.3d 1170, 1173 (8th Cir. 2008)). "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005) (quoting Kopp, 280 F.3d at 885). Based on the allegations in the Petition, which Defendant cited in her notice of removal, a fact finder might legally (and reasonably) conclude that the damages exceed $75,000, exclusive of cost.

Once the removing party meets its burden of proof, the non-removing party must establish to a legal certainty that the amount in controversy is less than $75,000. Green v. Dial Corp., 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing Bell, 557 F.3d at 956). Plaintiff "does not know the amount in controversy," and therefore cannot establish it to a legal certainty. (ECF No. 12)

In the Eighth Circuit, plaintiffs may also establish the amount in controversy to a legal certainty through a binding stipulation. "Where state law prohibits plaintiffs from specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached" as long as the stipulation clarifies, rather than amends the original pleading. Toberman v. BPV Market Place Investors, LLC, No. 4:16-CV-519 (CEJ) (E.D. Mo. Jun. 1, 2016) (citing Ingram v. Proctor & Gamble Paper Products Co., No. 4:11-CV-549 (CAS), 2011 WL 1564060, at *2 (E.D. Mo.

Apr. 25, 2011)). Because Plaintiff "has not entered into a binding stipulation that the amount in controversy does not, and will not exceed the Court's jurisdictional amount in controversy, nor has he offered to do so, Plaintiff's arguments are dubious." Schmidt v. Flesch, No. 4:05-CV-1498 (HEA), 2006 WL 1026952, at *2 (E.D. Mo. Apr. 13, 2006). Plaintiff claims permanent, progressive, and disabling injuries to various bones, joints, muscles, nerves, and systems of his body, damage to his automobile, damage to his personal property, storage and rental car fees, lost wages, and permanent impairment of his ability to work, labor, and enjoy life. (ECF No.1-1, Petition at ¶ 7) Based solely on the allegations in the Petition, the undersigned finds that Plaintiff's alleged damages, while not known to a certainty, exceed $75,000.

### IV. Conclusion

Because Plaintiff has failed to prove the amount in controversy to a legal certainty or make a binding stipulation as to the amount in controversy, the Court cannot conclude that the jurisdictional amount at the time of removal did not exceed $75,000. See, e.g. Id.; Workman v. Kawasaki Motors Corp., U.S., 749 F. Supp. 1010, 1011 (W.D. Mo. 1990). Based on the face of the Petition and the notice of removal, the Court finds that it has subject matter jurisdiction.

Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion to Remand (ECF No. 12) is **DENIED**.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of February, 2017