UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL KEITHLY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16 CV 1892 JMB |
| LINDSEY MOCADLO, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This Court considers Plaintiff Michael Keithly's ("Plaintiff") Second Motion for Remand to state court.[1] (ECF No. 20) Defendant Lindsey Mocadlo ("Defendant") opposes this motion. (ECF No. 22) Plaintiff has filed a reply, and the issues are fully briefed. (ECF No. 24) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court denies Plaintiff's Second Motion for Remand.

### I.     Background

On September 21, 2016, Plaintiff filed a petition in the Circuit Court of the Twenty-First Judicial Circuit, St. Louis County, Missouri ("the Petition"). (ECF No. 7) In the Petition, Plaintiff alleges that, on August 18, 2016, he was driving east on Interstate Highway 64 in St. Louis County when his vehicle was struck by a vehicle driven by Defendant, injuring Plaintiff. (Id. at ¶ 5) Plaintiff alleges negligence by Defendant due to Defendant operating her vehicle at an excessive speed, failing to keep a careful lookout, failing to yield, and/or failing to slacken speed, stop, swerve, and sound a warning. (Id. at ¶ 6) Plaintiff claims that the accident caused

---

[1] Plaintiff requested leave to retitle the instant motion as "Motion to Reconsider Plaintiff's Motion for Remand." (ECF No. 23). As detailed below, leave is denied.

permanent, progressive, and disabling injuries to various bones, joints, muscles, nerves, and systems of his body, damage to his automobile, and damage to his personal property.  (Id. at ¶ 7)  He further alleges that these injuries caused loss of wages, permanent impairment of his ability to work, labor, and enjoy life, as well as making him incur towing, storage and rental car fees.  (Id.)

Defendant denies Plaintiff's allegations and offers four affirmative defenses.  (ECF No. 6)  First, Defendant alleges that Plaintiff failed to state a claim upon which relief can be granted.  (Id.)  Second, Defendant alleges that Plaintiff made his injuries worse by his own failure to mitigate.  (Id.)  Third, Defendant alleges that Plaintiff caused his own injuries by his own negligence.  (Id.)  Finally, Defendant alleges that the actions of others who are not a party to the lawsuit caused Plaintiff's injuries.  (Id.)

### A. **Removal and the First Motion to Remand**

On December 5, 2016, Defendant removed this matter to federal court.  (ECF No. 1)  Removal was based upon and allegation that the Court has diversity jurisdiction, which requires complete diversity of citizenship among the litigants and an amount in controversy greater than $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Plaintiff is a resident of Missouri.  (ECF No. 7 at ¶ 1)  In the Notice of Removal, Defendant alleged that she is a resident of Wisconsin.  (ECF No. 1 at ¶ 3)  Plaintiff has not challenged Defendant's citizenship in either of his motions to remand.

Having established diversity of citizenship, the parties disputed whether the amount in controversy exceeded $75,000, exclusive of interest and costs.  In his first Motion for Remand, Plaintiff asserted that he lacked sufficient information to determine the amount in controversy.  (ECF No. 12)  Defendant responded that, due to the alleged extent and severity of Plaintiff's injuries and his refusal to stipulate that he was seeking less than $75,000, the "amount in

controversy" met the Eighth Circuit standards for establishing diversity jurisdiction. (ECF No. 15)

This Court denied Plaintiff's first Motion to Remand. (ECF No. 16) The undersigned found that the removing party had shown, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirements. (Id. at 2-3) (citing Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009); In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)) As noted in that ruling, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." (Id. at 3) (quoting James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833 (8th Cir. 2005))

The Petition alleged that Plaintiff had suffered "permanent, progressive and disabling" injuries to his back, neck, left knee, and left elbow, and that such injuries impaired (presumably also permanently) his ability to work. The Court found that these allegations were sufficient to raise the possibility that a finder of fact might legally conclude that damages exceeded the jurisdictional limit.[2] (ECF No. 16 at 3, 4)

Having found that the removing party had met its burden on jurisdictional amount, the burden then shifted to Plaintiff as the party seeking remand to demonstrate "to a legal certainty" that the amount in controversy does not exceed $75,000. (Id. at 3). Plaintiff failed to meet that burden, because Plaintiff's position was that he did not know the amount he was claiming, and he failed to demonstrate that an award over $75,000 was not legally possible. (Id.)

---

[2] In his briefing of the original Motion for Remand, Plaintiff asserts that Defendant "has not shown to a legal certainty" that the amount in controversy exceeds $75,000. (ECF No. 12) He also asserts in his briefing for the Second Motion for Remand that the Court "never found that Defendant showed to a legal certainty that removal was proper." (ECF No. 24) As discussed below, the "legal certainty" standard only applies to the party opposing removal, and then only after the removing party has met its preponderance of evidence standard.

In its Memorandum and Order, the Court noted that the Eighth Circuit does allow parties in states that forbid naming a sum certain in a prayer for damages (including Missouri) to clarify via binding stipulation that the amount in controversy does not and will not exceed $75,000, thus demonstrating that fact to a legal certainty and removing any question of diversity jurisdiction. (Id. at 3)  This is only one method of demonstrating to a legal certainty that the jurisdictional amount cannot be exceeded. The Court noted that Plaintiff had declined to enter such a binding stipulation. (Id. at 4)  Because Defendant met its burden for removal and Plaintiff did not meet its burden in opposing it, the Court denied the Motion to Remand.

## B. **Stipulation and Second Motion to Remand**

Approximately one month after the Court denied its Motion to Remand and one day prior to the Rule 16 Scheduling Conference, Plaintiff filed a Stipulation.  (ECF No. 19)  In that Stipulation, Plaintiff's counsel represented that the "total medical special damages" were under $13,000 at that point, and that "no major future medical procedures are foreseeable." (Id. at ¶ 1) Plaintiff stipulated that "the amount of damages he claims is less than $75,000, exclusive of interest and costs[,]" and that the Stipulation limits his recovery in this action.  (Id. at ¶¶ 4, 5)

The day after filing the Stipulation, shortly before the Rule 16 Conference, Plaintiff's counsel filed a Second Motion for Remand. (ECF No. 20)  In that pleading, Plaintiff argues that his Stipulation guarantees that the amount in controversy in this action will not exceed $75,000, exclusive of interests and costs, and that since the amount in controversy no longer meets the jurisdictional minimum, Plaintiff claims that the Court lacks subject matter jurisdiction over this action. (Id.)  Defendant responds that a federal court considers jurisdiction at the time of removal, and at the time of removal, Plaintiff's amount in controversy remained unspecified. (ECF No. 22, ¶¶ 1, 5)  Defendant further argues that Plaintiff's alleged injuries regarding both

permanent disability and permanent work and life impairment could still result in damages over $75,000. (Id. at ¶ 4)

**III.    Discussion**

"It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011) (citing McLain v. Andersen Corp., 567 F.3d 956, 965 (8th Cir.2009) and Kansas Pub. Employees Ret. Sys. v. Reimer & Kroger Assocs., Inc., 77 F.3d 1063, 1067–68 (8th Cir.1996)).  Neither the existence of a valid defense nor subsequent events reducing the amount in controversy divest the court of jurisdiction.  Schubert, 649 F.3d at 822–23.  Post-removal events "do not oust the district court's jurisdiction once it has attached[.]" St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 292 (1938).  The question for a court deciding on jurisdictional amount is whether "based on information known to the court *at the time jurisdiction was challenged*, the jury reasonably could have awarded more than the statutory minimum[.]" Kopp 280 F.3d at 885 (emphasis added).

As previously noted, the Eighth Circuit permits plaintiffs in states like Missouri to establish the amount in controversy to a legal certainty through a binding stipulation filed after removal, because pleading sums certain is not allowed in state court petitions.  Since post-removal events generally do not function to undercut federal jurisdiction, courts have imposed an important caveat on this practice: it is allowable "as long as the stipulation can be considered as clarifying rather than amending an original pleading." Jackson v. Fitness Res. Grp., Inc., No. 4:12 CV 986 DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (citing Ingram v. Procter & Gamble Paper Prods. Co., No. 4:11 CV 549 CAS, 2011 WL 1564060, at *2 (E.D.Mo. Apr. 25,

2011) and Gillming v. Jill, No. 06–0123–CV–W–JFG, 2006 WL 2246431, at *2 (W.D.Mo. Aug. 4, 2006)).

The instant motion has a different procedural stance than most, in that the stipulation purporting to "clarify" the amount in controversy was neither entered into nor filed until after the Court had already made the determination that federal jurisdiction existed at the time of removal. Plaintiff apparently recognized that labelling his filing a "Second Motion for Remand" highlighted the fact that the issue had already been decided against him, and requested leave to "correct" the title to "Motion to Reconsider Plaintiff's Motion to Remand". (ECF No. 23) The original title is more accurate. Plaintiff had the opportunity to present evidence (via stipulation or other means) that the amount in controversy was below the statutory minimum. He is now arguing for remand on a different basis, the new Stipulation.

Here, the Stipulation amounts to an "amending" rather than a "clarifying" post-removal pleading. Jurisdiction was challenged and the Court ruled that jurisdiction was proper at the time of removal. Plaintiff's subsequent decision to stipulate that the amount of damages will be limited to $75,000 does not 'clarify' any uncertainty, because the issue has already been settled. The Stipulation instead appears to be a modification of his original claims that he sustained "permanent, progressive and disabling" injuries that will permanently impair his ability to "work, labor and enjoy life." "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The Stipulation has no effect on the issue of whether federal jurisdiction was proper at the time of removal, and therefore does not support remand.

While unusual, Plaintiff's attempt to stipulate out of federal jurisdiction after denial of a motion to remand is not unique even within this District. In Toberman v. BPV Market Place Investors, LLC, No. 4:16–CV–519 (CEJ) (E.D. Mo. Jun. 1, 2016), the plaintiff had filed suit in state court for injuries sustained when a pint glass was allegedly dropped from a second story and struck his hand. (Id. at ECF No. 3) The plaintiff's state court petition alleged that he had suffered severe, permanent and disabling injuries which impaired (and would likely continue to impair) his ability to work, but stated no damage figure other than that it was over the $25,000 threshold for circuit court jurisdiction. (Id.) The case was removed to federal court by the defendant on a diversity jurisdiction basis. In his first motion to remand the case, the plaintiff included an affidavit to the effect that he was "not seeking over Seventy-Five Thousand Dollars ($75,000.00)" in the case. (Id. at ECF No. 16-1) The district court held that the injuries claimed in the petition were sufficient to establish a possibility that a jury might award over $75,000, and that the affidavit that plaintiff would not *seek* over $75,000 was not adequate to establish to a legal certainty that a jury would not *award* damages above that amount or that he would not *accept* such an award. (Id. at ECF No. 18) The plaintiff filed an "amended" motion for remand, with a new affidavit stipulating that he would not ask for nor accept an award in excess of $75,000. (Id. at ECF No. 28, 28-1) District Court Judge Carol E. Jackson denied the motion, ruling that plaintiff's "attempt now to amend his complaint to cap his damages with a post-removal stipulation to divest the Court of jurisdiction is unavailing." (Id. at ECF No. 30)

In his briefing for both Motions for Remand, Plaintiff has downplayed the seriousness of the matter, referring to it the collision as "relatively minor" and the case as a "routine fender bender lawsuit." (ECF Nos. 12 and 24) However, the case was pled as involving permanent disabling injuries which would affect Plaintiff's ability to work. Plaintiff initiated the challenge

to removal and it was denied, because he was either unable or unwilling to demonstrate to a legal certainty that the damages were not as serious as they appeared from the petition.  Jurisdiction was proper as of the time of removal.  Plaintiff's agreeing to cap his damages after the issue was decided against him does not supply a basis for revisiting the matter of remand.

**IV.** **Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Remand (ECF No. 20) is **DENIED.**

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of April, 2017