UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KEITHLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1892 JMB |
| | ) | |
| LINDSEY MOCADLO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Michael Keithly's ("Plaintiff") Motion to Compel (ECF No. 25) Defendant Lindsey Mocadlo ("Defendant") opposes this motion. (ECF No. 26) For the following reasons, the Court denies Plaintiff's Motion to Compel without prejudice.

On September 21, 2016, Plaintiff filed a petition in the Circuit Court of the Twenty-First Judicial Circuit, St. Louis County, Missouri ("the Petition"). (ECF No. 7). On November 15, 2016, Plaintiff propounded discovery requests upon Defendant. (ECF No. 25 at ¶ 1, ECF No. 26 at ¶ 2). On December 5, 2016, prior to the expiration of the 30-day period for responding to most types of discovery under the Missouri Rules of Civil Procedure, Defendant removed this matter to federal court. (ECF No. 1). Defendant did not furnish answers to these discovery requests after removal.

Plaintiff implicitly asserts that the written discovery propounded in the state court proceeding survive removal and that the deadlines for responding continued to run. Defendant counters that Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in

a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." [1]

The Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court. Fed. R. Civ. P. 81. This includes questions of discovery timing. When confronted with a situation where discovery requests are pending when a case is removed, federal courts have taken one of two approaches. Some courts have considered those discovery requests void as premature under Rule 26(d). See Osborne v. Billings Clinic, 2014 WL 6769752, *2 (D. Mont. 2014); Needler v. Coca-Cola Refreshments USA, Inc., 2014 WL 8275991, *4 (W.D. Ky. 2014), order modified, 2015 WL 1346783 (W.D. Ky. 2015); Steen v. Garrett, 2013 WL 1826451, *2-3 (D.S.C. 2013); Sterling Savings Bank v. Federal Ins. Co., 2012 WL 3143909, *2-3 (E.D. Wash. 2012); Wilson ex rel. Estate of Wilson v. Gen. Tavern Corp., 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006) Riley v. Walgreen Co., 233 F.R.D. 496, 499, 63 Fed. R. Serv. 3d 999 (S.D. Tex. 2005) (rejecting argument that Rule 26(d) merely tolls the time to respond until after the Rule 26(f) discovery conference). At least one court accepted the argument that was explicitly rejected in Riley, and found that previously pending discovery requests are still valid and consider the time for responding to run from the time the parties confer under Rule 26(f). Riquelme v. U.S., 2009 WL 1405179, *2 (M.D. Fla. 2009).

The undersigned finds that the reasoning of the majority of courts compelling. Federal procedural requirements supersede the rules for discovery requests imposed by state law. In

---

[1] Rule 26(d)(2) does allow for service of requests for production under Rule 34 prior to the Rule 26(f) discussion, although the time for response does not begin to run until the discussion is held. However, such premature requests are only valid if they are served "[m]ore than 21 days after the summons and complaint are served" on or by the recipient of service. The state court file suggests that the summons for service by mail was prepared on October 25, 2016. (ECF No. 1-4 at 14). Plaintiff issued his discovery requests 21 days later. Therefore, even if federal deadlines were retroactively applied and if service was deemed effective the day the summons was issued, any Rule 34 requests would still be premature.

order to invoke the power of a federal court to compel response to discovery requests, the requests must have been issued in compliance with Rule 26(d).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 25) is **DENIED without prejudice.**

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24[st] day of April, 2017