**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL KEITHLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16 CV 1892 JMB |
| | ) | |
| LINDSEY MOCADLO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is a Motion to Compel filed by Plaintiff Michael Keithly ("Plaintiff").

(ECF No. 35)  Defendant Lindsey Mocadlo ("Defendant") opposes this motion.   (ECF No. 36)

For the following reasons, the Court denies Plaintiff's Motion to Compel without prejudice.

On April 26, 2017, Plaintiff served interrogatories and requests for production upon

Defendant.  (ECF No. 35 at 1; ECF No. 36 at 1)  Defendant alleges that she served her responses

to Plaintiff on May 26, 2017.  (ECF No. 36 at 1)

### I.      Legal Standard

Motions to compel are subject to specific procedural requirements on several levels.

First, all such motions are subject to Federal Rule of Civil Procedure 37, which in pertinent part

requires that such a motion "must include a certification that the movant has in good faith

conferred or attempted to confer with the person or party failing to make disclosure or discovery

in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).

Motions to compel filed in the Federal District Court for the Eastern District of Missouri

are subject to the more specific and restrictive requirements of Local Rule 37-3.04, which states

that a court here "will not consider any motion relating to discovery and disclosure unless it

contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord."

The undersigned also imposes his own conditions on motions related to discovery disputes applicable in this case. First, the Court requires that "[b]efore filing any such motion, the moving party must confer by actually speaking with opposing counsel in person or by telephone." See United States Magistrate Judge John M. Bodenhausen: Requirements § 5 (available at http://www.moed.uscourts.gov/sites/default/files/jmb.pdf). Further, the Court entered a Case Management Order ("CMO") in this matter on May 9, 2017. (ECF No. 32) In Section I(3)(g) of the CMO, the Court set forth the required procedures for bringing a motion to compel is filed:

> Before a motion to compel is filed, the moving party must request
> a pre-motion conference by contacting chambers, provided the
> parties have first attempted to resolve the dispute in compliance
> with the Local Rules of this Court.

As the Court informed the parties at the Rule 16 Conference on this matter, the requirement of a pre-motion conference is to allow the Court and the parties to try to informally resolve matters.

## II.    Specific Allegations

Plaintiff has filed the instant Motion on the grounds that Defendant "did not give full answers" to two interrogatories and one request to produce. Plaintiff has attached the discovery responses at issue to his Motion. (ECF No. 35-1) Two of the responses involving insurance coverage include objections, but are answered subject to the objections by reference to Defendant's insurance information produced in her Rule 26 initial disclosures. The other request at issue pertains to photographs, and Defendant responded with a list describing several photographs.

The parties agree that Plaintiff's counsel contacted opposing counsel via telephone on Thursday, June 1, 2017. The parties also agree that Plaintiff's counsel left a voicemail message for defense counsel. Defendant alleges that the recorded voicemail greeting indicated to callers that he was in trial and would be unavailable, and instructed them to contact his legal assistant for any urgent matters. Plaintiff's counsel left a message.

The parties also agree that counsel for Plaintiff sent a follow-up facsimile on Tuesday, June 6, 2017. Defendant alleges that the fax was sent at 4:12 p.m. and demanded that Defendant withdraw her objections to the two discovery requests at issue and supplement her answer to the photograph interrogatory. Defendant alleges that the Motion to Compel was filed less than half an hour later.

## III.    Analysis

Neither side has alleged that counsel ever spoke (in person or by telephone) regarding the discovery responses at issue. Further, neither party contacted the Court for the required pre-motion conference. The Court has imposed these requirements in an effort to simplify and streamline the litigation process by ensuring that only genuinely intractable discovery disputes go through the full formality and expense of a motion to compel. This may be one of those irreconcilable disputes, but on its face it appears to be exactly the sort of situation that these requirements were put in place to address. Plaintiff has not fulfilled the prerequisites for such a motion, and thus the Court will deny it without prejudice. The parties are encouraged to meet and confer regarding the dispute, and to call chambers and schedule a telephone conference if it cannot be resolved after a good-faith discussion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 35) is

**DENIED without prejudice.**

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of June, 2017